UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re:                                                          Case No. 14-07970

DAVID W. CHARRON                                Chapter 7; Filed 12/31/14

    Debtor.                                                Hon. James W. Boyd

_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

David W. Charron (the "Debtor"), by and through his counsel, Dunn, Schouten & Snoap, P.C., and pursuant to 11 U.S.C. § 362(d)(1), states as follows in support of his Motion for Relief from the Automatic Stay :

1.    On March 7, 2014, the Kent County Circuit Court entered a judgment (the "Judgment") against the Debtor for $363,506.77, and in favor of Glenn S. Morris, individually, and as trustee of the Glenn S. Morris Trust in Kent County Circuit Court Case No. 07-006441-CR .

2.    The Debtor appealed the ruling of the Kent County Circuit Court Case No. 07-006441-CR to the Michigan Court of Appeals on May 21, 2014, following the adjudication of two post-judgment motions, and it was assigned Case No. 321925 (the "appeal").

3.    The appeal was stayed following the commencement of the Debtor's Chapter 7 proceeding.

4.    This Court has determined that the debt represented by the Judgment is not dischargeable under 11 U.S.C. §523(a)(6) by Order Denying Defendant's Motion for Summary Judgment and Granting Plaintiff's Cross Motion of Summary Judgment dated September 30, 2015. Paragraph 4 of the Order states the entry of this non-dischargeable debt judgment is without

prejudice to the Debtor's right to seek relief from the automatic stay for the purpose of continuing the appeal.

5. The Debtor requests the release of stay so that he may continue the appeal and reduce the amount of the debt represented by the Judgment.

6. "A bankruptcy court may . . . modify the stay to allow litigation commenced pre-petition in another forum to continue." *In re ExpressTrak, L.L.C.,* 2004 WL 3735126, 7-8 (Bkrtcy.E.D. Mich.2004) (internal citations omitted); 11 U.S.C. § 362.(d)(1).

7. The factors to examine in considering a lift of stay to allow pre-petition litigation include:

> (1) whether relief would result in a partial or complete resolutions of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties(7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Express Trak, supra,* citing *In re Sonmax Industries,* 907 F.2d 1280, 1286 (2nd Cir. 1990) (internal citations omitted.)

8. These factors weigh heavily in favor of lifting the automatic stay in this mater, including:

a. lifting the stay will result in a complete resolution of issues and a possible decrease in the amount of the Judgment. The State court action pertains strictly to issues of state law and asserts only state law claims. This Court does not have jurisdiction to resolve the outstanding appeal;

b. there is no connection with or interference with the bankruptcy case as this Court has ruled on the dischargeable issues associated with the Judgment, and the appeal involves the secondary issue of whether the debt amount is subject to adjustment;

c. the other proceeding does not involve the Debtor as a fiduciary;

d. the Michigan Court of Appeals is a specialized tribunal with the necessary expertise to hear the cause of action and it has exclusive jurisdiction over the appeal;

e. no insurer is involved with the appeal;

f. the action does not primarily involve third parties;

g. litigation in the Michigan Court of Appeals would not prejudice the interests of other creditors. This is a "no asset" case and Debtor has received a discharge of all claims other than the Judgment;

h. the Judgment claim is not subject to equitable subordination as the appeal is unlikely to result in an affirmative recovery for the Debtor;

i. the Debtor's success in the other proceeding would not result in a judicial lien avoidable by the Debtor: it will merely reduce the amount of the Judgment;

  j.  the continuation of the claim advances the interests of judicial economy and the expeditious and economical resolution of litigation by allowing a determination of the debt to be finalized by the proper tribunal;

  k.  the Debtor has already initiated the appeal and filed his brief in support of the appeal, and he is ready for a hearing in the other proceeding;

  l.  a continuation of the stay would prejudice the Debtor for no legitimate purpose; and

  m.  no one is prejudiced by the lifting of the stay.

 WHEREFORE, Debtor respectfully requests that this Court GRANT this Motion for Relief from Automatic Stay in order to allow the Debtor to continue the appeal in Michigan Court of Appeals Case No. 321925.

            Respectfully Submitted,

            DUNN, SCHOUTEN & SNOAP, P.C.

Dated: October 21, 2015    By: /s/ Perry G. Pastula
            Perry G. Pastula (P35588)
            Attorney for Debtor
            **Business Address and Telephone:**
            2745 DeHoop Ave. SW
            Wyoming, MI 49509
            (616) 538-6380