UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In Re:                                              Case No. 14-07970

DAVID W. CHARRON,                                   Chapter 7; Filed 12/31/14

    Debtor.                                         Hon. James W. Boyd
_____/

## MOTION TO APPROVE SETTLEMENT AGREEMENT RE: ESTATE PROPERTY AND AVOIDABLE TRANSFERS

NOW COMES Lisa E. Gocha, Trustee ("Trustee"), and for her Motion to Approve Settlement Agreement Re: Estate Property and Avoidable Transfers ("Settlement"), states as follows:

1. That the Trustee and Debtor have reached an agreement to settle the bankruptcy estate's claim to the Debtor's assets and for alleged avoidable transfers. A copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

2. That the settlement will result in the bankruptcy estate's receipt of $5,000 which is more than the bankruptcy estate would likely realize if the trustee attempted to sell the Debtor's assets and avoid alleged avoidable transfers.

3. The analysis of the Debtor's assets attached as Exhibit A to the Settlement Agreement shows that there is no net value to the estate in any of the Debtor's assets.

4. The potential recovery by the bankruptcy estate for the alleged avoidable transfers would be less than $10,000. In addition, the bankruptcy estate would incur estimated expenses in pursuit of those avoidable transfers of approximately $4,000 which would net the bankruptcy estate a maximum of $6,000.

1

5.  Under the terms of the settlement, the bankruptcy estate will receive $5,000 in exchange for the following:

   a.  Abandon all the disclosed assets of the bankruptcy estate;

   c.  Release the Debtor and all of his family members from any alleged avoidable transfers which were disclosed on the Debtor's bankruptcy schedules and statement of financial affairs..

6.  The Trustee has exercised her business judgment in entering into the Settlement Agreement and believes it is in the best interest of the bankruptcy estate that the settlement agreement be approved.

7.  The Trustee has considered the risk of litigation, cost of litigation, risk and cost of collectibility, and the potential recovery to the bankruptcy estate if the Settlement Agreement were not entered into with the Debtor. The Trustee has determined that the Settlement Agreement is in the best interest of the bankruptcy estate.

8.  Pursuant to Bankruptcy Rule of Procedure 9019(a) this Court is authorized to approve the settlement after notice and hearing to all creditors and parties in interest.

WHEREFORE, the Trustee prays the Court issue an Order approving the Settlement Agreement, and that the Court grant such other and further relief it deems just and proper.

**[ SIGNATURE ON NEXT PAGE]**

2

Respectfully Submitted,

LISA E. GOCHA, CHAPTER 7 TRUSTEE

Dated: 9/8/16

By: *Lisa E. Gocha*
Lisa E. Gocha
Chapter 7 Trustee
**Business Address and Telephone:**
PO Box 396
Hudsonville, MI 49426
(616) 797-4206

3